By
the Court.*
It is not doubted but that if a person devise lands to one, who is his next heir, and his heirs, the devise is void, and the heir shall take by descent. Or if a testator devise, that his lands shall descend to his son, the devise is void, and the devisee shall be in by descent. Pow. dev. 427, 428, and the authorities there cited, 1. Because it was for the benefit of creditors; 2. Because the lord would have been defrauded of the fruits of his seigniory, the consequence of descent. But whenever the devise makes an alteration of the limitation of the estate, from that which takes place in the course of descent, there the principle ceases to operate, and the heir takes by purchase; *207 Pow. dev: 439. In the present case, if the lands &c. had descended to the three daughters, they would have taken as coparceners; survivorship, therefore, never could have takes place between them: but the testator after giving a life estate to his wife in the premises, gives, grants &c. the use of them to his three daughters, named Hannah, Alice and Peggy, and to no other use or uses whatsoever. It is admitted that the words made use of in this devise in feudal times would have made an estate in joint-tenancy; the reason assigned, why joint-tenancies were favored in those times, is, that it prevented a multiplication of tenures. But it is said that as the feudal tenures were off, this rule has been gradually departed from; that the intent, and not the words, should form the rule of decision. It is true, that joint-tenancies are less, and tenancies in common more, favored than they anciently were, particularly where a father is making provision for his children, and makes use of any words which a court can properly lay hold of and make instrumental for that purpose. 1 P. W. 14, 2 Atk. 122. Cowp: 660. 2 Ves. 252. 256. 3 Atk. 731; but every one of these cases proves, that an estate created by the same words, that are made use of in the present initance, must be a joint-tenancy. The ground of decision in every one of them was, particular words made use of, from which, the court collected an intent in the devisor, to create a tenancy in common; such as “equally to be devised “&c. respectively &c.” But we know of no case, even in a will or in deeds, which derive their ope *208 ation from the statute of uses, where the same, or similar words are not made use of, that a similar determination has taken place: so that these cases are rather exceptions to the general rule; and as no words are made use of here that can bring the case within any of the exceptions, it must be considered a joint-tenancy.
Can it be presumed in the case of Rigden versus Vallier, as reported in 2 Vesey 252 & 3 Atk. 731. above cited, that Lord Hardwick would have made the same determination, had the words “equally to be divided between them,” not have been made use of in the deed? Or would his reasoning have been applicable to the case, had these words been omitted? Although the reasons that formerly favored joint-tenancy, do not hold now so strong as formerly, yet the rules to which they gave rise, in many respects exist. Pow. dev: 355. Although, frequently, inconveniencies are felt from them. We therefore think that the words made use of in this devise, create a joint-tenancy, there being no particular circumstance or words in it from which an intent can be collected that the testator meant to convey a tenancy in common. Pow. dev. 439, Cro. Eliz. 431. 2 Vern: 545. 3 Levinz., 127, 128. Co. Litt 189, 1 Levinz 112.
Bill dismissed with costs.

 Taylor, J. gave no opinion, having been of counsel in the case.